UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

       STEPHANIE NICHOLLS and
       DAVID SHAW NICHOLLS,

                 Debtors.
----------------------------------------------------------X
       FLORINE J. TAMASCO,

                 Plaintiff,

- against -

       STEPHANIE NICHOLLS and
       DAVID SHAW NICHOLLS,

                 Defendants.
----------------------------------------------------------X

Chapter 7

Case No.      10-70650-dte

Adv. Pro. No.  10-8186-dte

## MEMORANDUM DECISION AND ORDER

*Appearances:*

Pinks, Arbeit & Nemeth
*Attorneys for Plaintiff*
By: Robert S. Arbeit, Esq.
140 Fell Court, Suite 303
Hauppauge, New York 11788

Piken & Piken
*Attorneys for Defendants*
By: Robert W. Piken, Esq.
630 Third Avenue
New York, New York 10017

Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge

The Debtors filed their voluntary Chapter 7 petition on February 1, 2010. Subsequently, on May 12, 2010 Florine J. Tamasco (the "Plaintiff") filed the instant adversary proceeding against Stephanie Nicholls and David Shaw Nicholls (the "Debtors" or the "Defendants") seeking to deny the Debtors a discharge of their debt to Plaintiff pursuant to 11 U.S.C. § 523(a)(2)(B). Before the Court is Plaintiff's motion for partial summary judgment on her first cause of action. Defendants filed opposition and thereafter Plaintiff filed an affidavit in further support of the motion. A hearing was held on October 28, 2010 (the "Hearing") after which the Court took the matter under submission. Based on the record before the Court and the relevant case law, Plaintiff's motion is denied.

This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 157(b) and venue is proper pursuant to 28 U.S.C. §1409(a).

## BACKGROUND:

In June 2004 the Plaintiff and the Defendants' company, International Surfaces, Ltd., LLC ("ISL") entered into a lease in which Plaintiff leased to ISL the commercial property located at 4228 North Craftsman Court, Scottsdale, Arizona (the "Premises") for a period of twenty-five months for the purposes of Defendants operating a design center and rug showroom (the "Lease"). In connection with the Lease the Defendants provided Plaintiff documents attesting to their financial condition. The Defendants also signed a Guarantee of Lease in favor of Plaintiff. While the required rent payments were initially paid, in August of 2005 ISL defaulted on the payments. In September of 2005 Plaintiff commenced an action in Arizona State Court against ISL and the Defendants (the "Arizona Action"). Plaintiff amended her complaint on or about September 2006, asserting five causes of action against ISL and Defendants. Plaintiff's fourth cause of action asserted that Defendants had committed fraud

and deceit against the Plaintiff in connection with the Lease, and the cause of action asserted several allegations as to Defendants' conduct (the "Fourth Cause of Action").[1]

In January 2009 Plaintiff and Defendants entered into a "Settlement Agreement and Mutual Release" (the "Settlement Agreement") in order to resolve the Arizona Action. A Stipulated Judgment would be entered against the Defendants, but enforcement of that Stipulated Judgment would be stayed pending the Defendants compliance with the settlement terms. The Settlement Agreement provided that part of the basis for the judgment against the Defendants was the Fourth Cause of Action in the Arizona Action. The Settlement Agreement noted that the parties had entered into the Lease, that the Defendants had defaulted on their monthly rent payments beginning in August 2005, that the Plaintiff commenced the Arizona Action and that the parties sought to resolve the matter. However, the Settlement Agreement itself does not describe the basis for the Fourth Cause of Action nor were there any facts that were stipulated between the parties as to any fraud and deceit by the Defendants. The Stipulated Judgment against the Defendants would be in the principal amount of $63,974.37, which would be increased to $74,044.70 if the Defendants defaulted on the terms of the settlement. Additionally, the parties agreed that the Stipulated Judgment against the Debtors would be nondischargeable under 11 U.S.C. § 523 of the Bankruptcy Code.

The Defendants subsequently defaulted on the Settlement Agreement and a judgment was entered by the Superior Court of the State of Arizona against the Defendants in September 2009 (the "Arizona Judgment").[2] Plaintiff now seeks to have that debt declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

---

[1] The other four causes of action in the Arizona Action were breach of contract, breach by surety on a guaranty, non-corporate transaction liability, and negligent misrepresentation. (ECF Docket No. 13).

[2] In addition, pursuant to the agreed upon terms of the Settlement Agreement, the Arizona Judgment also awarded the Plaintiff attorneys' fees in the sum of $100,000.00, prejudgment interest in the amount of $19,228.06 and costs in the sum of $6,307.15. The Arizona Judgment also imposed an additional award of damages against Defendant David Shaw Nicholls in the sum of $8,037.79 for contempt.

## DISCUSSION:

Plaintiff seeks partial summary judgment with respect to her first cause of action under section 523(a)(2)(B) of the Bankruptcy Code ("Code") by applying the doctrines of collateral estoppel and res judicata. The Court may award summary judgment pursuant to Bankruptcy Rule 7056 "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Furthermore, it is well established that the Court must view the record in the light most favorable to the nonmoving party and resolve ambiguities in its favor. *See Bell v. Rochester Gas & Elec. Corp.*, 329 Fed. Appx. 304, 305 (2d Cir. N.Y. 2009). This is particularly true when dealing with a summary judgment motion seeking to deny a debtor a discharge since the goal of the Code is to provide a fresh start to the "'honest but unfortunate debtor.'" *Marrama v. Citizens Bank*, 549 U.S. 365, 367 (2007) (internal citations omitted); *In re Aiello*, 428 B.R. 296, 302 (Bankr. E.D.N.Y. 2010).

### 1. Is Defendants' Prepetition Waiver Of Discharge Enforceable?

Plaintiff asserts that when the parties entered into the Settlement Agreement there was an understanding between them that it would apply in any future bankruptcy proceeding, which was evidenced by the provision explicitly stating that the Stipulated Judgment would be deemed nondischargeable under section 523 of the Bankruptcy Code. Thus, the Plaintiff argues, the Court should enforce this provision, determine that there was fraud committed by the Defendants against the Plaintiff and deny the Debtors a discharge of the debt owed to Plaintiff. The Defendants oppose on the grounds that prepetition waivers of dischargeability are unenforceable as against public policy. The Defendants are correct.

Even though the parties stipulated in the Settlement Agreement that the debt would be nondischargeable, the Court finds that a majority of courts have held that a prepetition waiver of

4

discharge is against public policy and cannot be enforced. *See e.g., Hayhoe v. Cole,* 226 B.R. 647, 651 (9th Cir. B.A.P. 1998) (holding a stipulated judgment wherein a chapter 7 debtor agreed that the debt would be non-dischargeable under § 523(a)(2) was an impermissible attempt to waive bankruptcy discharge); *Greensward, Inc. v. Cietek (In re Cietek),* 390 B.R. 773, 779 (Bankr. N.D.N.Y. 2008) ("pre-petition waivers of discharge are fundamentally void and offend the public policy."); *Ginsburg v. Birenbaum (In re Birenbaum),* No. 05-20640, 2006 Bankr. LEXIS 1335, *9 (Bankr. W.D. Pa. 2006) (holding that a debtor cannot contract away the right to have his or her debts discharged under § 523(a)(4) in advance of a bankruptcy filing); *Giaimo v. Detrano (In re Detrano)*, 222 B.R. 685, 688 (Bankr. E.D.N.Y. 1998) ("As a matter of superseding federal bankruptcy policy… a prepetition waiver of a discharge of a particular debt or of all debts is against public policy and unenforceable.") (*vacated on other grounds,* 266 B.R. 282 (E.D.N.Y. 2001)).  This Court agrees with this conclusion.  Therefore, the Court cannot enforce the Debtors' prepetition waiver of discharge.

**2. Can The Court Apply Collateral Estoppel To The Stipulated Judgment?**

Plaintiff argues that both the Settlement Agreement and the Stipulated Judgment reference the Fourth Cause of Action in the Arizona Action, which was for fraud and deceit, and as a result the Court should apply collateral estoppel.  The Debtors argue that there was never any adjudication as to fraud in the Arizona Action, and that they did not stipulate to such a finding.

Under the doctrine of collateral estoppel, once a material fact has been determined by a valid and final judgment, then those parties to the litigation cannot relitigate the same issue in a future lawsuit.  *See Leather v. Ten Eyck*, 180 F.3d 420, 424 (2d Cir. 1999).  As the Court has previously noted "[a] prior state court judgment may bar discharge of the debt evidenced by that judgment if (i) the law of the state where the judgment was rendered would give preclusive effect to the judgment and (ii) under federal law, no exception to the full faith and credit statute applies." *In re Zangara*, 217 B.R. 26, 31 (Bankr. E.D.N.Y. 1998); *see Eurocrafters, LTD. v. Vicedomine* (*In re Eurocrafters,*

*LTD*.), 183 Fed. Appx. 70, 71 (2d Cir. N.Y. 2006). Since the Stipulated Judgment was obtained in Arizona, the Court must look to Arizona's collateral estoppel law. In Arizona collateral estoppel can be applied if "(1) the issue was actually litigated in a previous proceeding; (2) there was a full and fair opportunity to litigate the issue; (3) resolution of the issue was essential to the decision; (4) a valid and final decision on the merits was entered; and (5) there is a common identity of the parties." *In re Guccione*, 268 B.R. 10, 14-15 (Bankr. E.D.N.Y. 2001) (*citing Collins v. Miller & Miller, Ltd.*, 189 Ariz. 387, 397, 943 P.2d 747, 757 (1996). Res judicata, or claim preclusion, provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Leather v. Ten Eyck*, 180 F.3d 420, 424 (2d Cir. N.Y. 1999) (*quoting Rivet v. Regions Bank*, 118 S. Ct. 921, 925 (U.S. 1998)).

The Second Circuit has held that "[w]here the debt in question is a judgment entered after a claim of fraud has been adjudicated, either party to a subsequent adversary proceeding on nondischargeability can invoke collateral estoppel to establish that the debt is or is not dischargeable under the relevant nondischargeability provision." *Giaimo v. DeTrano (In re DeTrano)*, 326 F.3d 319, 322 (2d Cir. N.Y. 2003). This echoes the U.S. Supreme Court's decision in *Grogan v. Garner*, where it held that if a creditor already received a fraud judgment against a debtor, then the debtor would be estopped from relitigating whether the underlying debt was based in fraud in the bankruptcy court. 498 U.S. 279, 285-91 (1991). However, Congress intended the bankruptcy court to make a determination as to whether a debt arises out of fraud, and not to force such a determination to occur earlier in state court when nondischargeability concerns "are not directly in issue and neither party has a full incentive to litigate them." *Archer v. Warner,* 538 U.S. 314, 321 (U.S. 2003) (*citing Brown v. Felsen*, 442 U.S. 127, 134 (U.S. 1979)); *see Giaimo v. Detrano (In re Detrano)*, 266 B.R. 282, 286 (E.D.N.Y. 2001) (holding that courts should "look beyond a settlement agreement to determine

whether or not the debt is in fact based on fraud."); *Ginsburg ex rel. Vertical Group, Inc. v. Birenbaum (In re Birenbaum)*, 2006 Bankr. LEXIS 1335 (Bankr. W.D. Pa. July 6, 2006). The U.S. Supreme Court has held that "a settlement does not create collateral estoppel, even between or among the parties to the settlement, unless it is clear that the parties intended it to--and that requires stipulating to findings of fact." *Arizona v. California,* 530 U.S. 392, 411 (2000); *see Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 291 (2d Cir. 2002).

In this case, there was no final decision on the merits of the issues, and no statement of facts upon which the parties agreed. Furthermore, there was no acknowledgment of liability on the part of the Debtors due to fraud or deceit. The Stipulated Judgment was based on a settlement between the parties. The Settlement Agreement provides that the Defendants in the Arizona Action had defaulted on the monthly rent payments owed pursuant to the Lease. The reference to the Fourth Cause of Action, without more facts or statement as to what facts constituted the fraud upon which the Plaintiff could rely prevents this Court from granting the relief requested by Plaintiff. The reference to the "Fourth Cause of Action" in both the Settlement Agreement and the Stipulated Judgment is not enough to satisfy the standards for the Court to apply collateral estoppel or res judicata to find the debt nondischargeable under section 523. As such, the Plaintiff's motion for partial summary judgment is denied.

## CONCLUSION:

Based upon the above facts and reasoning, the Plaintiff's motion for partial summary judgment is denied. A pre-trial conference in this adversary proceeding shall be held before the Court on January 3, 2011 at 2:00 p.m.

So ordered.

Dated:  Central Islip, New York                              *s/ Dorothy Eisenberg*
   December 10, 2010                              Honorable Dorothy Eisenberg
                             United States Bankruptcy Judge